NANCY WENG, ESQ. (SBN: 251215)
DAVID ANH TRINH, ESQ. (SBN: 269958)
Trinh Law
99 North First Street, Suite 200
San Jose, CA 95113
Telephone: 408.890.7843
Fax: 408.890.4774

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re:

THAO PHUONG THI TRAN

Case No. 14-54654 MEH

Chapter 11

**APPLICATION OF DEBTOR FOR ORDER UNDER 28 U.S.C. § 327 AUTHORIZING AND APPROVING EMPLOYMENT OF TRINH LAW AS GENERAL BANKRUPTCY COUNSEL**

Thao Phuong Thi Tran, (the "Debtor") hereby submits this Application to Employ Trinh Law as general bankruptcy counsel (the Application"). Trinh Law is located at 99 N. 1st Street, Suite 200, San Jose, CA, 95113. This Application is brought pursuant to section 327(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Guidelines of the Office of the United States Trustee ("UST Guidelines.").

I.  **JURISDICTION**

This Court has jurisdiction over this Application under 28 U.S.C. §§157 and 1334. This

1- Application to Employ

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§1408 and 1409. The statutory basis for the relief requested herein is section 327 of the bankruptcy code.

## II. STATEMENT OF THE CASE

### a) General Background

The Debtor is a single mother raising five children under the age of ten. The Debtor divorced her husband, Andy Quach ("Quach"), in July of 2012. Pursuant to the Marriage Settlement Agreement, the Debtor would retain their family home located at 3338 Flintmont Dr. San Jose, CA 95148, while Quach would retain another property. The Debtor and Quach jointly owned a dental practice, called 2643 Dentistry, Inc.("the business"), which was to be divided in half and sold. At the time of the divorce, 2643 Dentistry, Inc. was worth approximately $280,000. It was subsequently decided between the Debtor and Quach that because the business was the Debtor's sole source of income, the Debtor would retain the business in exchange for executing a $140,000 promissory note in favor of Quach.

The Debtor was fairly successful at operating the business, and employed various dentists and assistants as independent contractors. One of the dentists, Dr. Dong, began having an affair with a dental assistant, Lien Tran. At the same time the relationship began to sour, the Debtor caught Lien Tran stealing and fired her on the spot. Lien Tran subsequently filed a lawsuit in Santa Clara Superior Court for wrongful termination, sexual harassment, and other employment related claims under case number 1-13-CV-246922 on May 24,2013. A copycat lawsuit by a second dental assistant, Thanh Nguyen, was filed shortly thereafter on October 30, 2013 under case number 1-13-CV-255391 (Lien Tran and Thanh Tran's lawsuits will be jointly referred to as "the lawsuits").

The Debtor vigorously defended the lawsuits for over a year. News of the lawsuits spread throughout the Vietnamese community, causing business to decrease substantially. Quach was also putting pressure on the Debtor to begin paying on his note at the same time the Debtor began running out of money defending the lawsuits. After facing substantial mounting

2- Application to Employ

legal fees, the business filed Chapter 7 bankruptcy on January 18, 2014.[1] The Debtor filed Chapter 13 on July 23, 2014.[2] Because of her large amount of unsecured debt, the Debtor has refiled her bankruptcy case as the instant Chapter 11.

## III. RELIEF REQUESTED

By this Application, the Debtor respectfully request entry of an order, pursuant to sections 327(a) and 329 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules and Local Rule 2014-1, authorizing them to employ and retain Trinh Law (the "Firm"), as of the Petition date, in connection with the administration of this Chapter 11 case.

## IV. BASIS FOR RELIEF REQUESTED

b) **Scope of employment and qualifications.**

The Debtor seeks to employ Trinh Law as general bankruptcy counsel effective as of the Petition date. The Debtor respectfully represents:

1. On November 19, 2014, the Debtor filed a Petition for Relief under Chapter 11 of Title 11 of the United States Code under case number 14-54654 MEH.
2. Debtor, as Debtor-in-possession, wishes to employ the firm of Trinh Law ("the Firm") to represent her as Debtor-in-possession. Nancy Weng is an attorney duly licensed to practice in the Northern District of California.
3. The Debtor has selected the Firm because the Debtor believes the firm is qualified to represent her in the Chapter 11 case.
4. The Firm has represented other individual debtors in previous Chapter 11 cases with confirmed plans including In re: Chang, case number 11-57931; In re: Cruz, case number 11-55761, and In re: Cheung, 10-64630. Nancy Weng also worked on other individual Chapter 11 cases while employed by her previous firm, Law Offices of Drew Henwood.
5. The Firm's services are necessary to enable Debtor faithfully to execute her duties as a debtor –in-possession.

---

[1] Trinh Law was the attorney for the Chapter 7 case.
[2] Tsao-Wu, Chow & Yee was the attorney for the Chapter 13 case, and the case was dismissed on October 22, 2014.

3- Application to Employ

**c) Legal Services To Be Provided**

6. The professional services that Trinh Law are to provide include:
    a. Assist the Debtor with the preparation of the petition, schedules of assets and liabilities, statement of financial affairs, schedule of income and expenditures, lists of creditors and equity security holders;
    b. advising the Debtor with respect to the powers and duties as Debtor-in-possession in the continued operation of the business and management of the Debtor's property;
    c. taking necessary action to avoid any liens against Debtor's property;
    d. assist, advise and represent Debtor in her consultations with creditors regarding the administration of these cases;
    e. taking necessary action to stop foreclosure proceedings which may be in effect against any of the Debtor's property;
    f. preparing on behalf of the applicant as Debtor-in-possession necessary applications, answers, orders, reports and other legal papers;
    g. representing applicant at the regularly scheduled meeting of creditors and any continuances thereof;
    h. preparing on behalf of the applicant as Debtor-in-possession a disclosure statement, a plan of reorganization, and representing Debtors in possession at any hearing to approve the disclosure statement and to confirm the plan of reorganization;
    i. assist, advise and represent the Debtor in any manner relevant to a review of any contractual obligations, and asset collection and dispositions;
    j. preparing documents relating to the disposition of assets;
    k. advise the Debtor on finance and finance-related matters and transactions and matters relating to the sale of the Debtor's assets;

4- Application to Employ

l. assist, advise and represent the Debtor in any issues associated with the acts, conduct, assets, liabilities and financial condition of Debtor, and any other matters relevant to this case or to the formulation of plan(s) of reorganization;

m. assist, advise and represent the Debtor in the negotiation, formulation, preparation and submission of any plan(s) or reorganization and disclosure statement(s);

n. assist, advise and represent the Debtor on litigation matters, as requested; and

o. provide such other necessary advice and services as the Debtor may require in connection with this case, including advising and assisting the Debtor with respect to resolving disputes with any creditor that may arise.

7. It is necessary for applicant as Debtor-in-possession to employ an attorney for such professional services because the applicant is not sufficiently familiar with the rights and duties of Debtor-in-possession as to be able to plan and conduct proceedings without the aid of competent counsel;

8. The attorneys from the Firm who will be working on the case are Nancy Weng and David Trinh.

**d) The Firm's Compensation and Pre-Petition Retainer.**

9. The Firm commenced prepetition services to the Debtor on or about November 1, 2014.

10. A copy of the engagement agreement, dated November 7, 2014, between the Firm and the Debtor is attached to this Application as **Exhibit A**.

11. In connection therewith, the Debtor provided the Firm with a retainer of zero dollars (0.00) and a filing fee of one thousand seven hundred and seventeen dollars ($1,717).

12. The Firm has agreed to waive all pre-petition hours billed on this case.

13. There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with these cases, except insofar as such compensation may be shared among the members and associates of the Firm.

14. The Debtor understands the Firm will make periodic applications for interim compensation so that fees paid will be subject to approval of this Court in accordance with 11 U.S.C. §§ 326-331 (as applicable); bankruptcy Rules 2016(a), 2002(a), (c), and

5- Application to Employ

(k); Local Rule 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.

15. The Firm may seek interim compensation during the case as permitted by Bankruptcy Code section 331.

16. Nancy Weng, a member of the Firm, has a current hourly rate of $275.000 per hour; paralegals have a rate of $100.00 per hour. The Firm employs a paralegal who has an accounting background and will assist with monthly operating reports, financial work up, and feasibility analysis for the Chapter 11 Disclosure Statement and Plan of Reorganization. Attorney's fees will be billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less. The Debtor has also agreed that the Firm will be reimbursed for its reasonable out of pocket expenses incurred in connection with its employment according to the following schedule:

| Description: | Amount |
|---|---|
| Automobile travel: | .50 per mile |
| Internal copying/printing: | .20 per page |
| Computerized research: | Actual cost |
| Court reporters fee: | Actual cost |
| Long distance telephone: | Actual cost |
| Messenger: | Actual cost |
| Other travel (i.e. airfare): | Actual cost |
| Outside copying: | Actual cost |
| Overnight delivery: | Actual cost |
| Parking: | Actual cost |
| Postage: | Actual cost |
| Process service: | Actual cost |
| U.C.C. searches: | Actual cost |
| Witness fees: | Actual cost |
| PACER: | Actual cost |

e) **Disinterestedness**

17. To the best of Debtor's knowledge, neither the Firm nor any employee thereof has any connection with the creditors, the Office of the U.S. Trustee, any person employed in the Office of the United States Trustee or any other party in interest, or their respective attorneys;

6- Application to Employ

Case: 14-54654    Doc# 20    Filed: 12/11/14    Entered: 12/11/14 17:25:40    Page 6 of 8

18. The Firm is counsel for 2643 Dentistry, Inc. in a Chapter 7 case filed January 18, 2014 under case number 14-50190 ASW. 2643 Dentistry, Inc. was a business wholly owned by the Debtor, which was sold by the Chapter 7 trustee, Mohammed Poonja, on or about March 24, 2014. As of the filing of this Application, the Chapter 7 case has not been closed. The Chapter 7 Trustee has mentioned that there may be potential clawback claims against the Debtor and is presumably still investigating those potential claims. The Firm has investigated these claims and does not believe there to be clawback claims against the Debtor. The Firm, acting as counsel for 2643 Dentistry, Inc., would have no standing to bring such claims and the real party in interest would be the Chapter 7 trustee. The Firm has thoroughly advised the Debtor of the issues and Debtor has decided that it is most efficient to have Counsel represent her in the current Chapter 11 case due to the complex nature of the issues surrounding the lawsuits.[3] The Firm has also advised Debtor of the potential waiver of confidentiality as it relates to her position as the principal of 2643 Dentistry, Inc.

19. Aside from the 2643 Dentistry, Inc. chapter 7 case discussed above, to the best of the applicant's knowledge, neither the Firm nor any employee thereof has any connection with any other party in interest herein, or any connection with their respective creditors, attorneys or accountants;

20. Aside from the 2643 Dentistry, Inc. chapter 7 case discussed above, to the best of the applicant's knowledge, neither the Firm nor any employee thereof represents any interest adverse to the Debtor, or the estate in the matters upon which he is to be engaged.

**WHEREFORE,** the Debtor prays that its employment of Trinh Law under the terms specified to represent it as Debtors-in-possession in the case under Chapter 11 of the Bankruptcy Code be approved by the Court, and that it has such other and further relief as is just.

---

[3] Trinh Law has been working closely with Debtor's state court attorney regarding attempting to resolve the lawsuits. Debtor's previous Chapter 13 firm, Tsao-Wu, Chow & Yee, bills at a much higher rate than Trinh Law, and would require a large retainer to review the case and get up to speed with the developments on the lawsuits.

7- Application to Employ

Dated: December 11, 2014

/s/ *Thao Phuong Thi Tran*
Thao Phuong Thi Tran
Debtor Herein

Submitted by:
TRINH LAW

By: /s/ *Nancy Weng*
Nancy Weng (Cal. Bar No. 251215)
[Proposed] Attorney for
Thao Phuong Thi Tran, Debtor

8- Application to Employ