# EXHIBIT A

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT   Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  Tran, Thao Phuong Thi | Case Number:  14-54654 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Thanh Nguyen

**COURT USE ONLY**

Name and address where notices should be sent:
Shea & McIntyre, A P.C. Attn: John F. McIntyre, Jr., Esq. & Kevin R. Elliott, Esq.
2166 The Alameda
San Jose, CA 95126

Telephone number: (408) 298-6611   email: jmcintyre@sheamcintyre.com

☑ Check this box if this claim amends a previously filed claim.

Court Claim Number: __10-1__
  (*If known*)

Filed on: ___03/12/2015___

Name and address where payment should be sent (if different from above):




Telephone number:   email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ __1,250,000.00__

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** __Personal Injury & Services Performed.  See Attached.__
  (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**  __Pending Lawsuit__  (See instruction #3a) | **3b. Uniform Claim Identifier (optional):**  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _  (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

**Value of Property:** $_____

**Annual Interest Rate_____%** ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☑ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.) or their authorized agent. (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Kevin R. Elliott, Esq.
Title:  Attorney for Creditor
Company:  Shea & McIntyre A P.C.     /s/ Kevin R. Elliott     03/13/2015
Address and telephone number (if different from notice address above):     (Signature)     (Date)
 2166 The Alameda
 San Jose, CA 95126

Telephone number: (408) 298-6611     email: kelliott@sheamcintyre.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____     _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# ATTACHMENT TO PROOF OF CLAIM

ENTERED

2013 OCT 3    3:25

J. CAO-NGUYEN

1  JOHN F. McINTYRE, JR., ESQ., SB No. 172128
   KEVIN R. ELLIOTT, ESQ., SB No. 276295
2  SHEA & McINTYRE, A.P.C.
   2166 The Alameda
3  San Jose, CA. 95126-1144
   (408) 298-6611
4  (408) 275-0814 Facsimile

5  Attorneys for Plaintiff,
   THANH NGUYEN

6

7

8         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       IN AND FOR THE COUNTY OF SANTA CLARA - UNLIMITED JURISDICTION

10

11  THANH NGUYEN,                          No. **119CV255391**

12         Plaintiff,                      COMPLAINT FOR:

13     v.                                  1.  SEX DISCRIMINATION
                                           2.  HARASSMENT
14  KHAI DONG; THAO TRAN; 2643 DENTISTRY,  3.  TORTIOUS TERMINATION IN
    INC.; AND DOES 1 to 25, INCLUSIVE,         VIOLATION OF PUBLIC POLICY
15                                         4.  RETALIATION
           Defendants.                     5.  VIOLATION OF GOVERNMENT
16                                             CODE § 12940(k)
                                           6.  INTENTIONAL INFLICTION OF
17                                             EMOTIONAL DISTRESS
                                           7.  NEGLIGENT INFLICTION OF
18                                             EMOTIONAL DISTRESS
                                           8.  VIOLATION OF LABOR CODE
19                                             § 204
                                           9.  VIOLATION OF LABOR CODE
20                                             § 510
                                           10. FAILURE TO PROVIDE AN
21                                             ITEMIZED WAGE STATEMENT
                                               IN VIOLATION OF LABOR CODE
22                                             § 226
                                           11. VIOLATION OF LABOR CODE
23                                             § 226.7
                                           12. WAITING TIME PENALTIES
24                                         13. ASSAULT
                                           14. BATTERY
25                                         15. FALSE IMPRISONMENT

26

27

28

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

1
COMPLAINT

## PARTIES

1.     Plaintiff THANH NGUYEN ("Plaintiff" or "Thanh") is an individual who was employed by Defendants from about June 2011 through late August 2012.

2.     Defendant KHAI DONG ("Dong" or collectively with Tran, 2643 and Does 1-25 "Defendants") based upon Plaintiff's information and belief, is an individual who resides in the County of Santa Clara.

3.     Defendant THAO TRAN ("Tran" or "Defendant" or collectively with Dong, 2643 and Does 1-25 "Defendants") based upon Plaintiff's information and belief, is an individual who resides in the County of Santa Clara.

4.     Defendant 2643 Dentistry, Inc. ("2643" or collectively with Dong, Tran, and Does 1-25 "Defendants") based upon Plaintiff's information and belief, is a business duly authorized to conduct business in the State of California and its principal place of business is located in the County of Santa Clara.

5.     Defendants Does 1 through 25 are sued herein under fictitious names pursuant to California Code of Civil Procedure Section 474; these defendants are in some way liable for the damages sustained by Plaintiff; Plaintiff does not at this time know the true names or capacities of said defendants, but pray that the same may be inserted herein when ascertained.

6.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are, at all relevant times were, the agent and employee of every other Defendant, and in committing substantially all of the acts herein alleged, were in the scope of their authority as such agents and employees, with the permission and consent of every other Defendant.

## JURISDICTION AND VENUE

7.     Defendants' actions were committed within the State of California.

8.     Venue of this action is proper in the County of Santa Clara, which is the county where Defendants are located and where most or all of the incidents described herein occurred.

## GENERAL FACTUAL ALLEGATIONS

9.     In or about June 2011, Defendants hired Plaintiff as a dental assistant. Defendants Dong, Tran, and 2643, and each of them were Plaintiff's employer pursuant to Government Code

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 225-0814 Facsimile

§§ 12940 et. seq., the California Labor Code, and other applicable laws.

10.     Plaintiff's typical days of work were Tuesday, Thursday and Saturday. Plaintiff regularly worked more than eight hours per day, never received rest breaks, and only sometimes received lunch breaks. However, even when she received lunch breaks, they came far too late in her shift.

11.     At first, Plaintiff made $9.00 per hour. Later in 2011, her pay was raised to $10.00 per hour. Finally, in July 2012, Plaintiff's rate was raised to $11.00 per hour.

12.     Plaintiff never received a pay stub.

13.     As a dental assistant, Plaintiff could only work under the direction of a licensed dentist. She primarily worked under the direction of defendant Dong and Dr. Tuan Ngo. However, Dr. Ngo quit in the spring of 2012, and Dr. Doan Tai was hired as a replacement. Thereafter, she worked for both Drs. Tai and Dong.

14.     Dong abused his position as Plaintiff's supervisor by sexually harassing and battering her, thereby creating a hostile work environment.

15.     One of the only benefits of working for the Defendants was free cleanings. In late June 2012, Dong was cleaning Plaintiff's teeth in one of the exam rooms. Dong purposely put his elbow and forearm on her chest and began rubbing her breasts. Plaintiff immediately told him to stop and asked for Tran to come into the exam room. Dong quickly removed his elbow and forearm. Plaintiff called for Tran, and Dong told her "no," that Plaintiff should not tell Tran what had happened. Fearful for her job, Plaintiff did not tell Tran what had happened.

16.     On Thursdays, the last two people in the office typically were Dong and Plaintiff. Thursday, July 12, 2012, was no different; they were the last two in the office. After the last patient had left, Plaintiff asked Dong to give her some assistance with homework she had for an x-ray class that she was taking. At the time, her husband and two children were waiting for her outside in the parking lot. Dong knew this.

17.     Dong told Plaintiff to lock the main door to the dentistry office and bring the homework into Exam Room 2 so that he could help her. Plaintiff responded that there was no need to lock the door, and brought the homework into Exam Room 2. Dong, nevertheless,

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

Case 1:14-cv-14584   Document 30-1   Filed 03/30/15   Entered 03/30/15 15:26:56   Page 7 of 21

1  locked the inside door (the door that separated the patient waiting room and the back office) and

2  said, "We lock the door to prevent losing things."

3      18.    Almost immediately after he locked the door and re-entered the exam room, Dong

4  grabbed Plaintiff. He held her tightly with one hand so that she could not move, and squeezed

5  her breast hard with his other hand. Plaintiff yelled, "No, let me go," but he did not let her go.

6  Plaintiff continued yelling "No, let me go," while struggling to free herself from his grasp. They

7  fell to the floor. Dong was on top of her, pushing down on her and continuing to squeeze her

8  breasts. Plaintiff was in great pain. Dong used at least two of his fingers to squeeze Plaintiff's

9  nipple extremely hard. Dong was squeezing and turning it, which caused great pain. Dong told

10  Plaintiff to stop yelling and then turned her over. Dong pulled up Plaintiff's shirt and pushed her

11  bra to one side so that her breast was exposed. Dong then grabbed Plaintiff's hand and put it

12  onto his penis, and said, "You try it." Plaintiff again said, "no," and felt that his penis was erect

13  and hard. Plaintiff was extremely afraid for her safety. Plaintiff was finally able to summon

14  enough strength and punched his genital area, at which time Dong let go of Plaintiff. Plaintiff

15  ran out of the room into the hallway where she knew a camera would be able to record anything

16  that occurred. Plaintiff was in shock. Plaintiff felt terrible pain in her breast and saw that it had

17  been scratched.

18      19.    Dong went into the restroom, came out, and actually went out into the parking lot

19  and talked to Plaintiff's husband. Plaintiff was mortified. Plaintiff had no idea what she should

20  do. Plaintiff did not know what Dong told her husband and was afraid that he would try to blame

21  everything on her.

22      20.    During the night of July 12, 2012, Plaintiff couldn't sleep. Plaintiff was haunted

23  with what had happened earlier that evening. Plaintiff was afraid to tell her husband, but also

24  was fearful for losing her job and did not know who to turn to. Dong was one of Plaintiff's

25  supervisors, and she was very afraid that he would terminate her employment if she said

26  anything.

27      21.    Knowing that Plaintiff had to do something, Plaintiff called the wife of Dr. Doan

28  Tai (the other dentist who was hired in May of 2012) and told her that Dong had sexually

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

4
COMPLAINT

harassed her.  Plaintiff asked Mrs. Tai to come into the office every Thursday afternoon so that she would not be alone with Dong any longer.  Afterwards, Mrs. Tai called and asked My Nguyen (the biller for the office) to change her schedule to work on Thursdays with Plaintiff, which she did.  However, it still did not have any effect on Dong's behavior.

22.     On July 19, 2012, sometime after 6:00 p.m., Dong, My Nguyen, and Plaintiff were in the office.  Plaintiff was in the back using a knife to clean molding trays.  Dong walked up behind Plaintiff, restrained her tightly with both arms, and grabbed her breasts.  Plaintiff then yelled, "No, let me go."  Dong refused.  Plaintiff had the knife in her hand and indicated that she would use it if Dong did not back off.  He did.  Plaintiff dropped the knife on the ground and ran outside.

23.     Dong went into the restroom.  Plaintiff went into where My Nguyen was working. Plaintiff asked My Nguyen if she had heard anything, and My Nguyen said, "I heard you saying something but I could not hear very clearly."

24.     Plaintiff felt trapped.  Dong told her not to tell anyone.  Plaintiff needed her job, so she refrained from telling anyone what had happened.  However, the situation at the office became entirely unbearable.  Plaintiff was in constant fear that Dong would attack her yet again, so Plaintiff once again contacted Mrs. Tai, Dr. Doan Tai's wife, and requested that she go with her to Tran's house on the night of August 23, 2012 to discuss what had happened.  Mrs. Tai agreed to do so, and ultimately, Plaintiff explained to Tran all that had happened.  Unbeknownst to Plaintiff, however, was that Tran had received notice of Dong's despicable behavior months earlier when another dental assistant, Lien Tran, had reported to Tran what had happened to her.

25.     On August 24, 2012, Tran called Plaintiff and told her to come to the office at 6:00 p.m. for a meeting.  She did.  Present at the meeting were Mrs. Tai, Dong, Tran, Lien Tran, and Plaintiff.  When the meeting began, Dong essentially challenged Plaintiff to say what he had done.  When Plaintiff began the arduous process of explaining to a group of people how she had been systematically sexually harassed by Dong, Dong interrupted her and stated that he only feels sorry for his wife and two children for everything that "I had done."  At that time, Dong stood up and started to walk away, when Lien Tran stood up and asked Dr. Dong if it was true what

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 295-0814 Facsimile

5
COMPLAINT

1   Plaintiff had described. Dong admitted what he had done and apologized to Plaintiff. Lien Tran

2   also asked Dong to admit the what he had done to her. Dong refused. When the meeting ended,

3   defendant Tran told Lien Tran and plaintiff that they were fired and no longer working for

4   Defendants. When Plaintiff asked why they were being fired, defendant Tran did not respond.

5       26.    A day after the meeting, defendant Tran contacted Plaintiff. Tran stated she knew

6   Lien Tran was going to sue her and Dong. Tran offered to pay Plaintiff's salary for August, and

7   that if an attorney asked her, Plaintiff should just claim that she worked as a "cleaner."

8   Thereafter, when Tran received a letter from Lien Tran's attorney, she again contacted Plaintiff

9   and asked her to come back to work, albeit on a certain condition: Plaintiff would have to tell

10  anyone who asked that she voluntarily quit so that she could study for the x-ray exam and that

11  Tran did not fire her nor Lien Tran, as she, too, voluntarily quit. Plaintiff declined defendant

12  Tran's invitation.

13      27.    At no time did Plaintiff consent to the Defendants' actions in harassing her. She

14  repeatedly told them to stop the harassment, but it persisted.

15      28.    Plaintiff is informed and believes and thereon alleges that Defendants had prior

16  knowledge of Dong's propensity to harass others regarding their sex and failed to take all

17  reasonable steps to prevent such harassment from occurring in the future.

18      29.    Within the time provided by law, Plaintiff filed a complaint with the California

19  Department of Fair Employment and Housing, and received a right-to-sue letter, dated October

20  31, 2012, as to defendants Dong, Tran, and 2643. Further, the DFEH complaint and right-to-sue

21  letter have been served on defendants, Dong, Tran, and 2643, via certified mail service.

22

23                              **FIRST CAUSE OF ACTION**

24                          **SEX DISCRIMINATION**
                            **UNLAWFUL TERMINATION**
25                          **(Against all Defendants)**

26      30.    Plaintiff incorporates by reference all of the foregoing paragraphs as though set

27  forth fully herein.

28      31.    At all times herein mentioned, Government Code §§ 12940 et seq. were in full

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

force and effect and were binding on Defendants. These sections required Defendants to refrain from discriminating against any employee on the basis of an employee's sex, among other things.

32. As set forth above, Plaintiff's employment was terminated by the Defendants due to her sex.

33. Plaintiff's sex was a factor in Defendants' decision to terminate Plaintiff's employment. Such discrimination is in violation of Government Code § 12940, et seq., and has resulted in damages and injury to Plaintiff as alleged herein.

34. In light of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## SECOND CAUSE OF ACTION

### HARASSMENT
### (Against All Defendants)

35. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

36. At all times mentioned in this complaint, Government Code §§ 12940, et seq., were in full force and effect and were binding on Defendants. These sections require Defendants to refrain from discriminating against and harassing any employee on the basis of sex, among other things.

37. During the course of Plaintiff's employment, Defendants created and allowed to exist a hostile environment and discriminated against and harassed Plaintiff on the basis of her sex. Such discrimination and harassment was in violation of Government Code § 12940, et seq., and the public policy embodied therein, and has resulted in damage and injury to Plaintiff as alleged herein.

38. Defendants' conduct, as described above, was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

7
COMPLAINT

## THIRD CAUSE OF ACTION

### TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY
**(Against All Defendants)**

39. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

40. At all times mentioned in this complaint, Government Code §§ 12920; 12940, et seq, was in full force and effect and was binding on Defendants. This section and the public policy embodied therein requires Defendants to refrain from discriminating, harassing, and terminating an employee's employment due to the employee's sex, among other things, and take all reasonable steps necessary to prevent discrimination and harassment from occurring.

41. As set forth above, Plaintiff's employment was terminated by the Defendants.

42. Plaintiff's employment was terminated by Defendants, at least in part, because of her sex. Such discrimination is in violation of Government Code § 12940, et seq., and has resulted in damages and injury to Plaintiff as alleged herein.

43. In light of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

### FOURTH CAUSE OF ACTION

### RETALIATION
**(Against All Defendants)**

44. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

45. During the course of Plaintiff's employment with Defendants, complained to the Defendants about the hostile work environment created by Defendants. As alleged above, Defendants failed to remedy the hostile work environment and instead, retaliated against Plaintiff by denying her employment and terminating her employment due to her complaining about the hostile work environment.

46. Defendants' treatment of Plaintiff was in violation of Government Code § 12940(h).

SHBA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

8
COMPLAINT

47. Defendants' conduct, as described above, was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## FIFTH CAUSE OF ACTION

### VIOLATION OF GOVERNMENT CODE § 12940(k)
### (Against All Defendants)

48. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

49. At all times mentioned in this complaint, Government Code § 12940(k) was in full force and effect and was binding on Defendants. This subsection requires Defendants to take all reasonable steps necessary to prevent discrimination and harassment from occurring. As alleged above, Defendants have violated this subsection by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

50. Defendants' conduct, as described above, was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

51. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

52. Beginning in or about June 2012 and on a continuous basis for approximately two months thereafter, Defendants, and each of them, undertook a series of actions against Plaintiff that was outrageous as previously stated herein, was intended to cause Plaintiff to suffer emotional distress, or was made with reckless disregard of the probability of causing Plaintiff to suffer severe emotional distress, and the outrageous conduct of the Defendants caused the emotional distress suffered by the Plaintiff.

53. Defendants' conduct alleged herein was intentional, outrageous, malicious, and

SHEA & McINTYRE, A.P.C.
2166 the Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

1 | committed for the purpose of causing Plaintiff to suffer humiliation, embarrassment, mental
2 | anguish and severe emotional distress.

3 |     54.    Defendants and each of their conduct was a substantial factor in causing plaintiff
4 | harm.

5 |     55.    As a proximate cause of Defendants', and each of their, acts and/or omissions, as
6 | herein above alleged, Plaintiff was injured in her strength, health, and activity all of which has
7 | caused and continues to cause Plaintiff great mental pain, embarrassment, humiliation, distress,
8 | anguish and suffering. As a result of the intentional infliction of emotional distress caused by
9 | Defendants upon Plaintiff, Plaintiff sustained damages in sums currently unknown but will be
10 | proved at trial.

11 |     56.    The conduct of Defendants was undertaken with oppression and malice, and in
12 | conscious disregard of the rights of Plaintiff, and justifies an award of punitive damages against
13 | Defendants in an amount according to proof.

14 |

15 | **SEVENTH CAUSE OF ACTION**

16 | **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>**(Against All Defendants)**

17 |     57.    Plaintiff incorporates by reference all of the foregoing paragraphs as though set
18 | forth fully herein.

19 |     58.    Defendants, and each of them, owed Plaintiff a duty pursuant to their respective
20 | relationships.

21 |     59.    Defendants, and each of them, breached their duty to Plaintiff.

22 |     60.    As a proximate cause of Defendants' acts and/or omissions, as herein above
23 | alleged, Plaintiff was injured in her strength, health, and activity all of which has caused and
24 | continues to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and
25 | suffering. As a result of the negligent infliction of emotional distress caused by Defendants upon
26 | Plaintiff, Plaintiff sustained damages in sums currently unknown but will be proved at trial.

27 |     61.    As a proximate cause of the negligent infliction of emotional distress by the
28 | Defendants, Plaintiff has sustained damages in an amount according to proof.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

## EIGHTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 204
(Against all Defendants)

62.     Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

63.     All wages due to any employee are due and payable twice during each month and all overtime wages must be paid no later than the payday for the next regular payroll period pursuant to Labor Code § 204.

64.     Defendants did not pay Plaintiff all wages, including premium overtime wages, within the applicable time periods set forth in Labor Code § 204.

65.     As a direct and proximate result of Defendants' conduct Plaintiff has suffered damages in an amount currently unknown. Plaintiff is also entitled to liquidated damages pursuant to Labor Code § 1194.2 in an amount currently unknown, attorneys' fees, in addition to interest, expenses and costs of suit.

## NINTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 510
and the IWC WAGE ORDERS
(Against All Defendants)

66.     Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

67.     Labor Code § 510 and the IWC Wage Orders provide that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of one and one-half times the regular rate of pay for an employee.

68.     Defendants failed to pay Plaintiff premium overtime wages, despite the fact that she regularly worked more than eight hours in one workday and/or forty hours in one workweek.

69.     Pursuant to Labor Code §1194, Plaintiff is entitled to receive all premium overtime wages, including interest thereon, unlawfully withheld by Defendants.

70.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 225-0814 Facsimile

damages in an amount currently unknown. Plaintiff is also entitled to liquidated damages

pursuant to Labor Code § 1194.2 in an amount currently unknown, attorneys' fees, in addition to

interest, expenses and costs of suit.

### TENTH CAUSE OF ACTION

#### FAILURE TO PROVIDE AN ITEMIZED WAGE
#### STATEMENT IN VIOLATION OF LABOR CODE § 226
#### (Against All Defendants)

71. Plaintiff incorporates by reference all of the foregoing paragraphs as though set
forth fully herein.

72. Labor Code § 226(a) provides that every employer shall, semimonthly or at the
time of each payment of wages, provide each employees with a written, itemized statement
showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the
applicable hourly rate in effect during the pay period and the corresponding number of hours
earned at each hourly rate.

73. Plaintiff was never provided a wage statement by the Defendants in violation of
Labor Code §226(a).

74. Defendants failed to provide accurate, itemized wage statements to Plaintiff.

75. Defendants are liable to Plaintiffs for the amounts described above, in addition to
the civil penalties provided for in Labor Code §226.3.

76. As a direct and proximate result of Defendants' conduct, Plaintiffs are also entitled
to attorneys fees under Labor Code § 226(e), in addition to interest, expenses and costs of suit.

### ELEVENTH CAUSE OF ACTION

#### VIOLATION OF LABOR CODE §226.7
#### (Against All Defendants)

77. Plaintiff incorporates by reference all of the foregoing paragraphs as though set
forth fully herein.

78. The applicable IWC Wage Order provides that no employer shall employ any
person for a work period of more than five (5) hours without a meal period of not less than 30
minutes. It further provides that rest periods of at least 10 minutes must be provided per 4 hours

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

12
COMPLAINT

1   of work or major fraction thereof.

2       79.   Labor Code §226.7 provides that no employer shall require any employee to work

3   during any meal or rest period mandated by an applicable order of the Industrial Welfare

4   Commission.

5       80.   Both the applicable IWC Wage Order and Labor Code §226.7 further provides

6   that if an employer fails to provide an employee a meal or rest period, the employer shall pay the

7   employee one (1) hour of pay at the employee's regular rate of compensation for each meal

8   and/or rest period that is not provided.

9       81.   Defendants' failure to provide meal and rest periods is a violation of the applicable

10   IWC Wage Order and Labor Code §226.7.

11       82.   Plaintiff was not provided with a 30 minute, uninterrupted meal break during the

12   first 6 hours of work and when she worked over 10 hours per day. Further she was not provided

13   with rest breaks.

14       83.   Plaintiff is entitled to receive all wages due to her for Defendants' failure to

15   provide required meal and rest breaks.

16       84.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

17   damages in an amount to be proved at trial.

18

                **TWELFTH CAUSE OF ACTION**

19

20                   **WAITING TIME PENALTIES**
                  **(Against all Defendants)**

21       85.   Plaintiff incorporates by reference all of the foregoing paragraphs as though set

22   forth fully herein.

23       86.   Defendants willfully and intentionally failed to pay Plaintiff all of the wages she

24   was due by the deadlines imposed under California Labor Code §§ 201 and 202. Accordingly,

25   Plaintiff is entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at

26   the time of trial, but in no event less than $2,640.

27   //

28   //

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

## THIRTEENTH CAUSE OF ACTION

### INTENTIONAL TORT - ASSAULT
(Against Defendants Dong, and Does 1-25.)

87. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

88. Defendants Dong and Does 1-25, and each of them, assaulted Plaintiff.

89. Defendants acted intending to cause a harmful or offensive contact.

90. Plaintiff reasonably believed that she was about to be touched in a harmful or offensive manner.

91. Plaintiff did not consent to Defendants' conduct.

92. Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

93. As a result of Defendants' actions, Plaintiff sustained damages in sums currently unknown but will be proved at trial.

94. The conduct of Defendants was undertaken with oppression and malice, and in conscious disregard of the rights of Plaintiff, and justifies an award of punitive damages against Defendants in an amount according to proof.

## FOURTEENTH CAUSE OF ACTION

### INTENTIONAL TORT - BATTERY
(Against Defendants Dong, and Does 1-25.)

95. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

96. Defendants Dong and Does 1-25, and each of them, battered Plaintiff.

97. Defendants touched Plaintiff, or caused her to be touched, with the intent to harm or offend him.

98. Plaintiff did not consent to the touches.

99. Plaintiff was harmed and/or offended by Defendants' conduct and a reasonable person in Plaintiff's situation would have been offended by the touching.

100. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

14
COMPLAINT

1      101.   As a result of Defendants' actions, Plaintiff sustained damages in sums currently

2 unknown but will be proved at trial.

3      102.   The conduct of Defendants was undertaken with oppression and malice, and in

4 conscious disregard of the rights of Plaintiff, and justifies an award of punitive damages against

5 Defendants in an amount according to proof.

## FIFTEENTH CAUSE OF ACTION

### INTENTIONAL TORT - FALSE IMPRISONMENT
**(Against Defendants Dong, and Does 1-25.)**

103.   Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

104.   Defendants Dong and Does 1-25, and each of them, falsely imprisoned Plaintiff.

105.   Defendants intentionally deprived Plaintiff of her freedom of movement by use of physical force, threats or unreasonable duress.

106.   Plaintiff did not consent to Defendants' actions.

107.   Plaintiff was actually harmed by Defendants' actions.

108.   Defendants' conduct was a substantial factor in causing Plaintiff's harm

109.   As a result of Defendants' actions, Plaintiff sustained damages in sums currently unknown but will be proved at trial.

110.   The conduct of Defendants was undertaken with oppression and malice, and in conscious disregard of the rights of Plaintiff, and justifies an award of punitive damages against Defendants in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TRANH NGUYEN prays for judgment as follows:

1.   For judgment to be entered against Defendants and in favor of Plaintiff;

2.   For compensatory damages against Defendants in an amount to be proven at trial;

3.   For liquidated damages pursuant to Labor Code § 1194.2;

4.   For exemplary (punitive) damages;

5.   For statutory prejudgment interest;

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
[408] 295-6611 Telephone
[408] 275-0814 Facsimile

15
COMPLAINT

Case 14-54654   Doc 30-1   Filed 03/30/15   Entered 03/30/15 15:26:56   Page 20 of 21

1    6.    For all costs of suit, including attorney's fees;

2    7.    For such other and further relief as this Court deems just and proper.

3    Dated: October 30, 2013                SHEA & McINTYRE, A.P.C.

4

5                                          By:
6                                             JOHN F. McINTYRE, JR.,
                                              KEVIN R. ELLIOTT, Attorneys for Plaintiff
7                                             THANH NGUYEN

8    Y:\n\Nguyen, Thanh\pleadings\Complaint.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126
(408) 296-6611 Telephone
(408) 275-0814 Facsimile

16
COMPLAINT