JOHN F. McINTYRE, JR., ESQ., State Bar No. 172128
KEVIN R. ELLIOTT, ESQ., State Bar No. 276295
SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126-1144
[408] 298-6611
[408] 275-0814  Facsimile
Email: jmcintyre@sheamcintyre.com
Email: kelliott@sheamcintyre.com

Attorneys for Creditor,
THANH NGUYEN

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>THAO PHUONG THI TRAN<br><br>Debtor. | Case No. 14-54654 MEH<br><br>Chapter 11<br><br>**DECLARATION OF KEVIN R. ELLIOTT IN SUPPORT OF CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NUMBER 10** |

I, Kevin R. Elliott, hereby declare as follows:

1. I am an attorney at law duly licensed to practice in California and before the United States District Court for the Northern District of California. I am an associate attorney with the law firm Shea & McIntyre, A P.C., counsel of record for Creditor Thanh Nguyen. If called as a witness, I could and would competently testify to the following facts, all of which are within my personal knowledge, except for those items stated on information and belief, and as to those matters, I believe them to be true.

2. Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiff's Requests for Admission to Defendant Thao Tran, Set One. On May 9, 2014 (before this bankruptcy was filed), this discovery request was served upon debtor Thao Tran in the pending California State Court case of *Nguyen v. Dong, Tran, 2643 Dentistry, Inc., et. al., Case Number 1-13-CV-255391, Supeior Court of Santa Clara County*. Debtor Thao Tran did not respond to this discovery request as required by the California Code of Civil Procedure and creditor Thanh Nguyen filed a

---
1
DECLARATION OF KEVIN R. ELLIOTT IN SUPPORT OF CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NUMBER 10

motion with the court to deem the requested admissions admitted by debtor Thao Tran.

3. Attached hereto as **Exhibit "B"** is the State Court's order entered on creditor Thanh Nguyen's motion. This order declares that the requested admissions are deemed admitted.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on the 17th day of April 2015, at San Jose, California.

_____
KEVIN R. ELLIOTT

Y:\n\Nguyen, Thanh\Bankruptcy\Thao Tran BK #2\Decl of KRE ISO Resp to Objection to Claim.wpd

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

2
DECLARATION OF KEVIN R. ELLIOTT IN SUPPORT OF CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NUMBER 10

Case: 14-54654    Doc# 39-1    Filed: 04/17/15    Entered: 04/17/15 12:37:10    Page 2 of 10

# EXHIBIT A

JOHN F. McINTYRE, JR., ESQ., State Bar No. 172128
KEVIN R. ELLIOTT, ESQ., State Bar No. 276295
SHEA & McINTYRE, A.P.C.
2166 The Alameda
San Jose, CA 95126-1144
[408] 298-6611
[408] 275-0814 Facsimile

Attorneys for Plaintiff,
THANH NGUYEN

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA - UNLIMITED JURISDICTION

| | |
|---|---|
| THANH NGUYEN,<br><br>    Plaintiff,<br><br>v.<br><br>KHAI DONG; THAO TRAN; 2643 DENTISTRY, INC.; AND DOES 1 to 25, INCLUSIVE,<br><br>    Defendants. | CASE NO: 1-13-CV255391<br><br>**PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT THAO TRAN, SET ONE** |

PROPOUNDING PARTY:   Plaintiff, THANH NGUYEN

RESPONDING PARTY:   Defendant, THAO TRAN

SET NUMBER:   ONE

TO DEFENDANT THAO TRAN AND ITS ATTORNEYS OF RECORD:

    Pursuant to the provisions of California Code of Civil Procedure § 2033.010, Plaintiff, THANH NGUYEN, requests that Defendant, THAO TRAN admit to the truth of the following matters of fact, fully in writing and under oath, within 30 days from the date of service of this request.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

1
PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT THAO TRAN, SET ONE

Case: 14-54654   Doc# 39-1   Filed: 04/17/15   Entered: 04/17/15 12:37:10   Page 4 of 10

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**: Admit **YOU**[1] hired **PLAINTIFF**[2] as a dental assistant.

**REQUEST NO. 2**: Admit **YOU** set **PLAINTIFF's** rate of pay.

**REQUEST NO. 3**: Admit **YOU** were **PLAINTIFF'S** employer under applicable California law from June 2011 through August 24, 2012.

**REQUEST NO. 4**: Admit **YOU** failed to pay **PLAINTIFF** for all hours worked.

**REQUEST NO. 5**: Admit **YOU** failed to pay **PLAINTIFF** for all overtime hours worked in excess of eight (8) hours in a day.

**REQUEST NO. 6**: Admit **YOU** failed to pay **PLAINTIFF** for all overtime hours worked in excess of forty (40) hours in a work week.

**REQUEST NO. 7**: Admit **YOU** failed to provide accurate itemized wage statements as was required by law to **PLAINTIFF** while she was employed by **YOU**.

**REQUEST NO. 8**: Admit **YOU** failed to provide **PLAINTIFF** with rest breaks as was required by law while she was employed by **YOU**.

**REQUEST NO. 9**: Admit **YOU** failed to provide **PLAINTIFF** with meal periods as was required by law while she was employed by **YOU**.

**REQUEST NO. 10**: Admit **YOU** terminated **PLAINTIFF'S** employment on August 24, 2012 because she was sexually harassed by defendant Khai Dong.

**REQUEST NO. 11**: Admit **YOU** knew about defendant Khai Dong's propensity for sexually harassing women in the workplace since before June 2011.

**REQUEST NO. 12**: Admit **YOU** terminated **PLAINTIFF'S** employment in violation of public policy.

**REQUEST NO. 13**: Admit **YOU** terminated **PLAINTIFF'S** employment because she complained to **YOU** about sexual harassment that occurred at her place of employment.

**REQUEST NO. 14**: Admit **YOU** terminated **PLAINTIFF'S** employment because you intended to cause **PLAINTIFF** to suffer severe emotional distress.

---

[1] "**YOU**" and "**YOUR**" mean responding party.

[2] "**PLAINTIFF**" means the plaintiff in this action, Thanh Nguyen.

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

2
PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT THAO TRAN, SET ONE

**REQUEST NO. 15:** Admit **PLAINTIFF** is entitled to a judgment against **YOU** in the amount of $1,250,000.00 on her complaint filed in this action on October 30, 2013.

Dated: May 9, 2014                     SHEA & McINTYRE, A.P.C.

By: _____
JOHN F. McINTYRE, JR.,
KEVIN R. ELLIOTT, Attorneys for Plaintiff
THANH NGUYEN

Y:\n\Nguyen, Thanh\Discovery\RFAs to Thao Tran.wpd

SHEA & McINTYRE, A P.C.
2166 The Alameda
San Jose, CA 95126
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

3
PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT THAO TRAN, SET ONE

Case: 14-54654    Doc# 39-1    Filed: 04/17/15    Entered: 04/17/15 12:37:10    Page 6 of 10

# EXHIBIT B

**SUPERIOR COURT, STATE OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
**DEPARTMENT 2**

191 North First Street, San Jose, CA 95113
*http://www.scscourt.org*



(For Clerk's Use Only)

Nguyen v. Dong, et al.  
DATE: 25 July 2014  TIME: 9:00  

CASE NO. 113CV255391  
LINE NUMBER: 12

This matter will be heard by the Honorable Judge Socrates Peter Manoukian in Department 19 in the Old Courthouse, 2nd Floor, 161 North First Street, San Jose. Any party opposing the tentative ruling must call Department 19 at 408.882.2310 and the opposing party no later than 4:00 PM Thursday 24 July 2014. Please specify the issue to be contested when calling the Court and counsel.

On 25 July 2014, the motion of Plaintiff Thanh Nguyen to compel responses to requests for production of documents and interrogatories, the motion to have requests for admission deemed admitted, and for monetary sanctions was argued and submitted. Defendant Thao Tran failed to file an opposition to the motion.[1]

I. Background

This matter arises out of an employment law issue. Plaintiff alleges that Defendants failed to pay her properly, that one or more Defendants sexually harassed her or were complicit in the harassment. Defendants deny the allegations.

II. Discovery Dispute

On 9 May 2014, Plaintiff served a set of Requests for Admission, two sets of form interrogatories, and one set of requests for the production of documents on Defendant Thao Tran. On 18 June 2014, after receiving no responses, Plaintiff's counsel sent Defendant's counsel a letter demanding responses. Defendant's counsel replied the same day indicating that counsel sent the requests to his client.[2] On 27 June 2014, Plaintiff filed the instant motion. Plaintiff has still not received any responses to any discovery.

III. Analysis:

A. Motion to Compel Responses to Requests for Production of Documents and Interrogatories

A demand to produce documents may be propounded upon an adverse party in an attempt to seek relevant information. Code Civ. Proc. § 2031.010. Absent an extension granted by counsel, a party must respond to each request for the production of documents within 30 days, unless the propounding party grants an extension. Code Civ. Proc. § 2031.260. A code-compliant response states that the responding party will comply fully, comply partially while stating a valid reason for not fully complying, or that party will not comply while stating a valid reason for not fully complying. Code Civ. Proc. § 2031.220; Code Civ. Proc. § 2031.230. A party may seek a motion to compel production when the adverse party fails to respond to the request for production in a timely fashion. Code Civ. Proc. § 2031.300(b).

---

[1] "The failure to file a written opposition or to appear at a hearing or the voluntary provision of discovery shall not be deemed an admission that the motion was proper or that sanctions should be awarded." Rule of Court 3.1348(b).

[2] Plaintiff declares and references in the statement of facts for both motions that Defendant "(implicitly) [...] has no intention of responding to the discovery". The Court does not understand the purpose of the parenthetical. If it is to insinuate a statement without taking responsibility, that is unnecessary. Either something is implicit or it is not. Counsel cannot hide behind parentheticals to avoid the responsibility for making a statement.

A demand to answer interrogatories may be propounded upon an adverse party. Code Civ. Proc. §2030.010. Absent an extension granted by counsel, a party must respond to each interrogatory within 30 days, unless the propounding party grants an extension. Code Civ. Proc. §2030.260. A party making an untimely response waives all objections in that response. Code Civ. Proc. §2030.290(a). A code-compliant response must be as complete and straightforward as the information reasonably available to the party permits. Code Civ. Proc. §2030.220. If a party lacks personal knowledge to provide complete information, that party shall so state, but shall also make a reasonable and good faith effort to obtain such information. Code Civ. Proc. §2030.220(c). A party may seek a motion to compel responses when the adverse party fails to respond to the demand within the timeframe specified by statute or extension. Code Civ. Proc. §2030.290(a).

Here, Plaintiff served discovery requests upon Defendant on 9 May 2014. Responses were due to be served by 13 June 2014. Defendant never provided responses. An order to compel responses is appropriate

As a result, Plaintiff's motion to compel responses to Form Interrogatories - General, Set One, Form Interrogatories – Employment Law, Set One, and Requests for Production of Documents, Set One is GRANTED. Defendant Thao Tran shall serve verified, code-compliant responses upon Plaintiff within 20 days of the date of this order.

### B. Motion to have Matters Deemed Admitted

A party may move to have requests deemed admitted if the party serves no response or a late response. Code Civ. Proc. §2033.280(b). There is no deadline to file a motion to deem requests for admissions admitted, aside from before the discovery cut-off date. Code Civ. Proc. §§2024.020, 2033.280(b). The responding party may avoid having the responses deemed admitted by serving a response that is in substantial compliance with the discovery code's requirements to properly answer requests for admission and the failure to serve a response was the result of mistake, inadvertence, or excusable neglect. Code Civ. Proc. §2033.280(a).

Here, Plaintiff served requests for admission upon Defendant on 9 May 2014. Responses were due 23 June 2014. Defendant never provided responses. An order to deem the answers to the requests for admission as admitted is appropriate.

Plaintiff's motion to have the matters in Requests for Admission, Set One deemed admitted is GRANTED.

### C. Request for Monetary Sanctions

Plaintiff makes a request for monetary sanctions against Defendant. The request is code-compliant.

In support of the request for sanctions, Plaintiff cites Code of Civil Procedure, §§ 2023.010, 2023.030, 2023.040 and 2033.280. Section 2023.010 defines acts that constitute misuses of the discovery process, and does not itself set forth any provisions regarding the issuance of a monetary sanction.

Next, section 2023.030 provides that sanctions may be imposed for misuses of the discovery process "[t]o the extent authorized by the chapter governing any particular discovery method or any other provision of this title." As such, section 2023.030 does not provide an independent basis for an award of sanctions and thus is not self-executing. In other words, to invoke section 2023.030 as a basis for sanctions, the moving party must first be authorized to seek sanctions under the provisions in the Civil Discovery Act applicable to the discovery requests at issue.

The California Code of Civil Procedure states that the Court shall impose monetary sanctions in many different situations. See Code Civ. Pro. § 2030.290(c) (Imposing monetary sanctions for a motion to compel answers to interrogatories); Code Civ. Pro. § 2031.300(c) (Imposing monetary sanctions against losing party in motion to compel response to inspection demand)

Section 2033.280 addresses sanctions when a party fails to make a timely response to requests for admission, requiring a motion to have matters deemed admitted. Even if a party serves compliant responses prior to the hearing, sanctions are still warranted. Code Civ. Proc. §2033.280.

Monetary sanctions are appropriate in this matter.

Plaintiff's counsel declares that his customary billing rate is $295.00 per hour. This is a reasonable rate within Santa Clara County.

Plaintiff's counsel declares that he spent 7 hours on the instant motions. The Court believes a motion of this quality should take at most 2 hours, and will grant sanctions for that amount of work.[3] The Court calculates that to be $590.00

Plaintiff's counsel also seeks reimbursement of $180.00 in filing fees and costs for this motion. This cost could have been reduced had counsel reduced the two motions before the Court to one motion. The Court will award $180.00 for the filing fees of the two motions.

Plaintiff's request for monetary sanctions is GRANTED IN PART. Defendant will pay $640.00 to Plaintiff's counsel within 20 days of the date of this order.

### IV. Conclusion and Order

Plaintiff's motion to compel responses to Form Interrogatories - General, Set One, Form Interrogatories – Employment Law, Set One, and Requests for Production of Documents, Set One is GRANTED. Defendant Thao Tran shall serve verified, code-compliant responses upon Plaintiff within 20 days of the date of this order.

Plaintiff's motion to have the matters in Requests for Admission, Set One deemed admitted is GRANTED.

Plaintiff's request for monetary sanctions is GRANTED IN PART. Defendant will pay $640.00 to Plaintiff's counsel within 20 days of the date of this order.

25 July 2014
DATED:

HON. SOCRATES PETER MANOUKIAN
*Judge of the Superior Court*
*County of Santa Clara*

---

[3] There were citations to authority after the headers and some cut-and-paste work. Much of the text of the two motions, including the declarations, is substantially the same. The Court finds it hard to believe that counsel, charging nearly $300 per hour, spent 7 hours writing almost 7 pages of memoranda, most of it duplicated.

Case: 14-54654    Doc# 39-1    Filed: 04/17/15    Entered: 04/17/15 12:37:10    Page 10 of 10