United States Bankruptcy Court
Northern District of California

In re:                                                 Case No. 14-54654
                                                             Chapter 11

THAO PHUONG THI TRAN

_____/

## [PROPOSED] COMBINED PLAN OF REORGANIZATION AND [APPROVED] [TENTATIVELY APPROVED] DISCLOSURE STATEMENT
### April 27, 2015

**INTRODUCTION**

      This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

      Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors:(20.24% recovery of allowed claims) in (monthly) payments over (120)(months). Taxes and other priority claims would be paid in full, as shown in Part 3.

      Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date]. The court will hold a hearing on confirmation of the Plan on [date] at [time].

      Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

      Whether the Plan is confirmed is subject to complex legal

Individual Chapter 11
Combined Plan & Disclosure Statement                                 (Version: 7/30/12)
April 27, 2015
-1-
Case: 14-54654    Doc# 43    Filed: 04/27/15    Entered: 04/27/15 13:41:43    Page 1 of 19

rules that cannot be fully described here.  You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts.  Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan.  If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights.  Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments.  Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1A | Wells Fargo | 3338 Flintmont Dr., San Jose, CA 95148 |
|  |  |  |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral.  The confirmation order will constitute an order for relief from stay.  Creditors in these classes shall retain their interest in the collateral until paid in full.  **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2. General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

Individual Chapter 11
Combined Plan & Disclosure Statement (Version: 7/30/12)
April 27, 2014

-2-

| | | | | |
|---|---|---|---|---|
| Quantum3 Group (Comenity Bank) POC1 | 1026.83 | N | 205.36 | 1.71 |
| Quantum3 Group POC 2 | 852.65 | N | 170.53 | 1.42 |
| Quantum 3 Group POC3 | 582.20 | N | 116.44 | .97 |
| Wells Fargo (POC 6) | 1901.97* | N | 380.39 | 3.17 |
| Mohammed Poonja (POC7) | 90,000.00 | N | 18,000.00 | 150.00 |
| American Express (POC8) | 12,236.08* | N | 2,447.22 | 20.39 |
| American Express (POC 9) | 4,839.68* | N | 967.94 | 8.06 |
| Thanh Nguyen (POC10) | 101,000 | N | 20,200.00 | 168.33 |
| Lien Tran (POC11) | 101,000 | N | 20,200.00 | 168.33 |
| Portfolio Recovery Associates (POC 12) | 540.30 | N | 108.06 | .90 |
| Portfolio Recovery Associates (POC 13) | 13,058.22 | N | 2,611.64 | 21.76 |
| Portfolio Recovery Associates (POC 14) | 695.18 | N | 139.04 | 1.16 |
| Portfolio Recovery Associates (POC 15) | 476.42 | N | 95.28 | .79 |
| Andy Quach | 140,000 | N | 28,000.00 | 233.33 |
| Chinh Chu | 90,000 | N | 18,000.00 | 150.00 |
| Erik Nguyen | 50,000 | N | 10,000.00 | 83.33 |
| Sears | 2,367 | N | 473.40 | 3.94 |
| ThuThuy Tran | 46,000 | N | 9,200.00 | 76.67 |
| Anderies & Gomes LLP | 10,586.60 | Y | 0 | 0 |
| Ed Cullen | 50,000 | N | 10,000.00 | 16.67 |
| Old Navy | 166.00 | N | 33.20 | .27 |
| Macys | 421.00 | N | 84.20 | .70 |
| Sears | 2,367.00 | N | 473.40 | 3.95 |
| | | | | |
| TOTAL | 701,139.4 | | 141,906.11 | 1,115.85 |
| | | | | |

\* Several Claims are asserted against both the 2643 Dentistry, Inc. Chapter 7 estate and Thao Tran's individual estate as identified here although the Claims relate to a single alleged obligation.

Allowed claims of general unsecured creditors(including allowed claims of creditors whose executory contracts or

unexpired leases are being rejected under this Plan) shall be paid as follows:

**Percent Plan.** Creditors will receive 20.24 percent of their allowed claim in 120 equal monthly installments, due on the 1st day of the month, starting January 1, 2016.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a) Professional Fees.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| UST | 650 |
| | |

The following professionals have agreed to accept payment over time as follows. Payments will be made monthly, due on the 1st day of the month, starting January 1, 2016 or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount | Payment Amount | Number of Payments |
|---|---|---|---|
| Trinh Law | 46,000 | 383.33 | 120 |
| | | | |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) Other Administrative Claims. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid

when normally due and payable (these creditors are not listed below).  All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| NONE | NONE |
|  |  |

(c) <u>Tax Claims</u>.  Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code.  Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year].  To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |
|  |  |  |  |  |

**PART 4:  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>.  Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly]

installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |
| | | | | |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| NONE | NONE |
| | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed [select one] [assumed/rejected].


**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**
(a) <u>Discharge</u>. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>. Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien

under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) <u>Creditor Action Restrained</u>. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the

Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**
(a) <u>Effective Date of Plan</u>.  The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>.  Debtor will create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under

the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) <u>Lawsuits</u>.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |
|  |  |  |  |  |

(g) <u>Notices</u>. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Thao Tran
3338 Flintmont Dr.,
San Jose, CA 95148

Nancy Weng
Trinh Law
99 N. 1st St., 200
San Jose, CA 95113


(h) <u>Post-Confirmation United States Trustee Fees</u>. Following confirmation, Debtor shall continue to pay quarterly fees to the

Individual Chapter 11
Combined Plan & Disclosure Statement          (Version: 7/30/12)
April 27, 2014                   -9-
Case: 14-54654   Doc# 43   Filed: 04/27/15   Entered: 04/27/15 13:41:43   Page 9 of 19

United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) <u>Deadline for § 1111(b) Election</u>. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.


Dated: April 27, 2015\_\_

      <u>/s/ Thao Phuong Thi Tran</u>_____
      Debtor

      _____
      Debtor

      <u>/s/ Nancy Weng</u>_____
      Attorney for Debtor

**Attorney Certification**

I, Nancy Weng_____, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.
Added note on page 3: * Several Claims are asserted against both the 2643 Dentistry, Inc. Chapter 7 estate and Thao Tran's individual estate as identified here although the Claims relate to a single alleged obligation.

I declare that the foregoing is true and correct. Executed this 27 day of April, 2015.

                                              /s/Nancy Weng_____
                                              Attorney for Debtor(s)

Individual Chapter 11
Combined Plan & Disclosure Statement                (Version: 7/30/12)
April 27, 2014                -11-

Case: 14-54654   Doc# 43   Filed: 04/27/15   Entered: 04/27/15 13:41:43   Page 11 of 19

**Exhibit 1 - Events That Led To Bankruptcy**

   **I. Debtor's Background**

The Debtor is a single mother raising five children. The Debtor divorced her husband, Andy Quach ("Quach"), in July of 2012. Pursuant to the Marriage Settlement Agreement, Debtor would retain her family home located at 3338 Flintmont Dr., San Jose, CA 95148, while Debtor's ex-husband would retain another property. Debtor and her ex-husband jointly owned a dental practice called 2643 Dentistry, Inc. ("the business"), which was to be divided in half and sold. At the time, the business was worth approximately $280,000. It was subsequently decided between Debtor and Quach that because the business was the Debtor's sole source of income, that the Debtor would retain the business in exchange for executing a $140,000 promissory note in favor of Quach (the "Note"). Andy Quach is the largest unsecured creditor of the Debtor's bankruptcy estate.

   **II.     State Court Litigation**

The Debtor was fairly successful at operating the business, and employed several dentists and dental assistants as independent contractors. One of the dentists, Dr. Dong, began having an affair with one of the dental assistants, Lien Tran ("Tran"). Around the same time the relationship soured, the Debtor caught Tran stealing, and fired her. On May 24, 2013, Tran filed a complaint in Santa Clara Superior Court under case number 13-246922 alleging wrongful termination, sexual harassment, and other employment related claims. A copycat lawsuit by a second dental assistant, Thanh Nguyen ("Nguyen") was subsequently filed on October 30, 2014 under case number 13-255391. The debtor began vigorously defending two lawsuits for over a year, but at the same time, Quach was beginning to pressure the Debtor to begin paying on the Note. News of the lawsuits spread throughout the Vietnamese community, and this caused the Business to decline substantially. The Debtor also began running out of money defending the lawsuits.

   **III.    The Debtor's Bankruptcies**

The business filed Chapter 7 bankruptcy on January 18, 2014 under case number 14-50190 ASW. The Debtor filed for Chapter 13 bankruptcy on July 23, 2014 under case number 14-53111 SLJ. That case was dismissed due to failure to provide paystubs to the Chapter 13 trustee timely. The Debtor filed the instant case as a Chapter 11 due to the large amount of unsecured debt being over 109(e) limits. The Chapter 7 trustee Moohamed Poonja has indicated that he believes that there are transfers which are subject to avoidance actions in the 2643 Dentistry, Inc. Chapter 7.

## IV. Support Payments

Since the Debtor has been experiencing severe financial problems resulting from the loss of her business, one of the children's father, Chin Hsu, will begin paying half of the mortgage payments, as well as all food and living expenses for the Debtor and her children beginning on the effective date of the plan, on January 1, 2016. See, DECLARATION OF CHINH HSU REGARDING SUPPORT PAYMENTS TO DEBTOR UNDER PROPOSED CHAPTER 11 PLAN OF REORGANIZATION, Attached Exhibit A.

## V. Mediation

On April 15, 2015, a mediation between Lien Tran, Chapter 7 trustee, and the Debtor took place before the Honorable Charles Novack. An agreement was reached between the parties as follows: As between the Debtor and the Chapter 7 trustee: An allowed unsecured claim of $90,000.

As between the Debtor and Lien Tran: Lien Tran reduces her proof of claim in 2643 Dentistry, Inc to $49,000 and is allowed and unsecured claim in the amount of $101,000 in the Debtor's instant Chapter 11 bankruptcy. The Debtor will be available for a 2004 exam at a time, place and date to be agreed upon regarding the following subjects: Any questions regarding the sexual harassment claim against Dr. Dong; the claims of Andy Quach, ThuThuy Tran, Chinh Chu, and Erik M. Nguyen; the debtor shall produce documents related to the above referenced claims 7 days before the 2004 exam; and any settlement with Thanh Nguyen shall not exceed $101,000 unsecured proof of claim.

All settlements must be approved by the Court in both the instant individual Chapter 11 case and the 2643 Dentistry, Inc. case. A formal Settlement Agreement is currently being drafted by the Chapter 7 trustee Moohamed Poonja's Counsel and shall be lodged with the Court. Judge Novak retains jurisdiction over any disputes as to the Settlement Agreement.

## VI. Resolution of Objection of Thanh Nguyen's Claim

Thanh Nguyen did not participate in the mediation, however, Thanh Nguyen has amended her Claim no. 10 to an unsecured claim of $101,000 in exchange for the Debtor withdrawing her Objection to Thanh Nguyen's Claim. On April 24, 2015, Thanh Nguyen amended her claim to $101,000. ON April 27, 2015, the Debtor withdrew her objection to Thanh Nguyen's claim.

## VII. Estate Claims Against Thanh Nguyen and Dr. Dong
   a. Thanh Nguyen

The Debtor listed in her Schedule B a $7,000 claim against Thanh Nguyen for money loaned. The Debtor has investigated the likelihood of success of this claim and has determined that this debtor is likely uncollectible at this time since Thanh Nguyen is unemployed.

### b. Dr. Dong

The Debtor may have indemnification claims against Dr. Dong for alleged acts he committed against Thanh Nguyn and Lien Tran while employed by the Debtor. However, the time for cross-complaints has expired and the costs of litigation against Dr. Dong would far outweigh any likelihood of success.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 3338 Flintmont Dr., San Jose, CA 95148

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 630,000 | 1st 314687.87 | 63,000 | 0 | 75,000 | 177,312.13 |
| | 2nd | | | | |
| | 3rd | | | | |

[Add additional tables for additional real property]

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | 9,000 | 6,737.71 | 2,900 | 0 |
| Automobile #1 – 2013 Honda Odyssey | | | | |
| Automobile #2 | | | | |
| Household Furnishings | 1,000 | | 1,000 | 0 |
| Jewelry | 1,000 | | 1,000 | 0 |
| Equipment | | | | |
| Stocks / Investments | | | | |
| Other Personal Property – clothes and purse | 500 | | 500 | 0 |
| TOTAL | | | | 0 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | 177,312.13 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | |
| Chapter 7 Administrative Claims [SUBTRACT] | |
| Chapter 11 Administrative Claims [SUBTRACT] | 46,000 |
| Priority Claims [SUBTRACT] | |
| Chapter 7 Trustee Fees [SUBTRACT] | 15,433.11 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | 25,000 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | 90,879.02 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | 701,139.40 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 20.24% |

Individual Chapter 11
Combined Plan & Disclosure Statement (Version: 7/30/12)
April 27, 2015
-15-
Case: 14-54654   Doc# 43   Filed: 04/27/15   Entered: 04/27/15 13:41:43   Page 15 of 19

| | |
|---|---|
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 12.96% |

**Exhibit 3 - Monthly Income and Expenses**

| Income | Amount |
|---|---|
| Gross Employment Income | 5,000.00 |
| Gross Business Income | N/A |
| | |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | 0 |
| **A. Total Monthly Income** | 5,000.00 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | 1,067.98 |
| Retirement Contributions (401k, IRA, PSP) | 0 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities)<br>(Total Arrearages on Principal Residence are $0) | 1,500 |
| Household Expenses (food) | |
| Transportation Expenses (car payments, insurance, fuel) | 500 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | 100 |
| Alimony / Child Support | |
| Other Expenses | |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | |
| **B. Total Monthly Expenses** | 3,167.00 |

| **C. Disposable Income** (Line A - Line B) | 1,833.00 |
|---|---|

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | 383.33 |
| Priority Claims | |
| General Unsecured Creditors | 1,115.85 |
| UST | 162.50 |
| **D. Total Plan Payments** | 1,661.68 |

| | |
|---|---|
| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | 171.32 |

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date |  | 1,000 |
|    Payments on Effective Date |  |  |
|      Unclassified Claims |  |  |
|      Administrative Expense Claims | 650 |  |
|      Priority Claims |  |  |
|      Small Claims (Class 2(a)) |  |  |
|      U.S. Trustee Fees |  |  |
| B. Total Payments on Effective Date |  | 650.00 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) |  | 350.00 |

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**
Real Property #1 Income: NONE

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

[Add additional tables for additional real property]

Real Property #2 Income: [Insert Address]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

| **A. Total Positive Cash Flow** | |
|---|---|

**Properties with Negative Monthly Cash-Flow:**
Real Property #3 Income: NONE

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

Real Property #4 Income: [Insert Address]

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | |
| | 2nd | | | | |
| | 3rd | | | | |

| **B. Total Negative Cash Flow** | |
|---|---|