NANCY WENG, ESQ. (SBN: 251215)
ANH V. TRINH, ESQ. (SBN: 269958)
The Trinh Law Firm
99 North First Street, Suite 250
San Jose, CA 95113
Telephone: 408.890.7843
Fax: 408.890.4774

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAO PHUONG THI TRAN <br><br> Debtor, | Case No. 14-54654 MEH <br><br> Chapter 11 <br><br> **AMENDED MOTION FOR ORDER APROVING COMPROMISE OF CONTROVERSY BETWEEN THE DEBTOR, CHAPTER 7 TRUSTEE MOHAMED POONJA, AND LIEN TRAN** <br><br> **Date: June 18, 2015** <br> **Time: 10:30 a.m.** <br> **Place: 280 S. 1st St., courtroom 3070, San Jose, CA 95113** <br> **Before: Hon. M. Elaine Hammond** |

The above-captioned debtor, Thao Tran (the "Debtor"), respectfully moves the Court under Federal Rules of Bankruptcy Procedure ("FRBP") 9019 and 1017(f)(1) and Bankruptcy Code §1307, for an order approving a global settlement (the "Settlement"). The Settlement is between the Debtor, Chapter 7 trustee Mohammed Poonja ("Chapter 7 Trustee"), and Lien Tran ("Lien"). (collectively referred to as the "Parties.")The Settlement resolves all disputes among the Parties, including pending litigation in State and Federal Bankruptcy Court and the bankruptcy case of 2643 Dentistry, Inc.

1 – Motion for Order Approving Settlement

This Motion is based on the discussion below, all other relevant papers of record in the case, and any evidence or argument that may be presented to the Court in connection with its consideration of the Motion.

**I.     BACKGROUND**

1. Prior to the filing of its bankruptcy petition, 2643 Dentistry, Inc. operated a dentist office. Tran was the president and sole shareholder of 2643 Dentistry and also managed the office. Lien was an employee of 2643 Dentistry.

2. 2643 Dentistry filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 18, 2014 thereby initiating the 2643 Case. Mohamed Poonja was appointed trustee in bankruptcy of 2643's Chapter 7 estate (the "2643 Estate").

3. Thao Phuong Thi Tran filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 19, 2014 thereby initiating the Tran Case. Tran is the chapter 11 debtor in possession of the Tran Chapter 11 estate (the "Tran Estate").

4. Over the years before the bankruptcy filing, at times, Tran made deposits of payments to the Debtor into her personal bank account. In addition, Tran made transfers from the Debtor's bank account to her personal bank account and also occasionally paid personal expenses from the Debtor's bank account. Tran made various transfers from her personal account to the Debtor's bank account and asserts that she transferred back to the Debtor much of the Debtor's funds that were deposited in her account and the funds that were used to pay her personal expenses. Tran also asserts that the Debtor was solvent during the time that the transfers were made.

5. Tran's bank statements for the year before the filing of the petition indicate that deposits total approximately $195,712.30. This amount does not account for transfers back to the Debtor and includes deposits that may have been from sources other than the Debtor. The bank statements reflect that deposits less transfers back to the Debtor for the approximate two year period before the filing of the Debtor's petition total approximately $263,596. This amount also includes deposits that may have been from sources other than the Debtor.

2 – Motion for Order Approving Settlement

6. The Trustee filed a proof of claim in Tran's bankruptcy case on February 26, 2015 in the amount of $263,596 ("Trustee Claim") asserting that the deposits and other transfers to Tran from the Debtor's funds were fraudulent transfers and recoverable under Bankruptcy Code § 548. Tran disputes the claim asserting that part of the transfers were returned to the Debtor and that the Debtor was solvent at the time certain of the transfers were made.

7. On or about May 24, 2013, Lien brought an action in the Santa Clara Superior Court, Case No. 1-13-CV-246922 against 2643 Dentistry Inc, Dr. Dong and Thao Tran for harassment and unpaid wages ("Action"). On March 12, 2014, Lien filed a proof of claim in the 2643 Case, Claim No. 4, as a general unsecured claim in the amount of $101,000 based on damages alleged in the Action. On March 16, 2015, Lien filed a proof of claim in the Tran Case, Claim No. 11, as a general unsecured claim in the amount of $101,000 based on damages alleged in the Action.

8. On March 12, 2015, Thanh Nguyen filed a proof of claim in the Tran Case, Claim No. 10, as a general unsecured claim in the amount of $1,250,000, based on sexual harassment allegations relating to Ms. Nguyen's employment ("Nguyen Claim"). Tran has negotiated a reduction of the Nguyen Claim to $101,000. The Nguyen Claim was amended on April 24, 2015 to a general unsecured claim in the total amount of $101,000.

9. The Trustee and Tran dispute the claims filed by Lien. The Trustee, Tran and Lien participated in a judicial settlement conference with the Honorable Charles Novack, Bankruptcy Judge, and reached an agreement to settle the Trustee Claim and Lien's claims in the 2643 Case and the Tran Case as set forth below.

**II.     GLOBAL SETTLEMENT**

The Settlement resolves all disputes among the Parties, including pending litigation in State and Federal Bankruptcy Court and the bankruptcy case of 2643 Dentistry, Inc.

under the Settlement Agreement and Release ("Settlement Agreement") attached hereto as Exhibit "A". The terms of the Settlement Agreement are as follows:

Trustee Claim in the Tran Case. The Trustee Claim shall be amended by Trustee and allowed in the Tran case as a general unsecured claim in the amount of $90,000. The allowance of the Trustee Claim is a compromise of the Trustee's potential fraudulent transfer claims and, with the exception of the allowed Trustee Claim as set forth in paragraph 1 above, the Trustee and Tran, on behalf of herself and the Tran Estate, release all claims between them, including the fraudulent transfer claims.

Lien Tran Claim in the 2643 Case and the Tran Case. Lien's claim, Claim No. 4 in the 2643 Case, shall be amended by Lien and allowed in the 2643 Case as a general unsecured claim in the amount of $49,000. Lien's claim, Clam No. 11 in the Tran Case, shall be amended by Lien and allowed in the Tran Case as a general unsecured claim in the amount of $101,000. No objections may be filed to the Trustee Claim or Lien's Claims in the 2643 Case and the Tran Case as allowed in paragraphs 1, 3 and 4 above, by any of the parties to this Agreement or their successors in interest.

In addition, Tran shall testify at a 2004 examination by Lien regarding the claims in the Tran Case of Andy Quach, Chinh Chu, Erik M. Nguyen and Thu Thuy Tran, and the facts relating to the Action. Tran shall provide to Lien all evidence which supports the claims of Andy Quach, Chinh Chu, Erik M. Nguyen and Thu Thuy Tran at least seven days prior to the 2004 examination.

The effectiveness of the compromise is conditioned upon entry of a Final Order of the Bankruptcy Court in each of the 2643 Case and the Tran Case authorizing the Trustee and Tran, respectively, to consummate this Agreement. The Trustee and Lien are to file amended claims in the allowed amounts set forth above within 10 days following the latter of the entry of a Final Order in the Bankruptcy Court approving the compromise in the 2643 Case and the Tran Case.

### III. APPROVAL OF COMPROMISE

A. **The Bankruptcy Code Encourages Compromise and Settlement**

The authority granted a debtor to compromise a controversy is set forth in Rule 9019(a) of the Bankruptcy Rules, which provides in pertinent part: "On motion by the trustee and after

4 – Motion for Order Approving Settlement

notice and a hearing, a court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

In passing on proposed settlements, the standard that courts applied under the former Bankruptcy Act is also applicable under the Bankruptcy Code. As stated by the Supreme Court in *Protective Committee of Indep. Stockholders for TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968), in order to approve a proposed settlement, a court must have found that the settlement was "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise."

The Ninth Circuit has established the following factors to be considered in determining whether to approve a settlement: [I]n determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the Court must consider (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir), cert. denied sub nom. *Martin v. Robinson*, 479 U.S. 854 (1986), overruled in part on other grounds, *In re Washington Public Power Supply System Sec. Litigation*, 823 F.2d 1349, 1350 (9th Cir. 1987).

In approving a settlement, the Court need not conduct an exhaustive investigation of the claims sought to be compromised. See, e.g., *United States v. Alaska Nat'l Bank of the North (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. See, e.g., *A & C Properties*, 784 F.2d at 1381; *In re Churchfield*, 277 B.R. 769, 774 (Bankr. E.D. Cal. 2002). Accordingly, a settlement need only "be in the best interests of the estate and 'reasonable, given the particular circumstances of the case.'" *Goodwin v. Mickey Thompson Ent. Group, Inc. (In re Mickey Thompson Ent. Group, Inc.)*, 292 B.R. 415, 420 (9th Cir. BAP 2003).

5 – Motion for Order Approving Settlement

As a result, the Court is not required to decide the numerous questions of law and facts raised by the litigation. A "mini-trial" on the merits of the underlying cause of action is not required. See In re Blair, 538 F.2d 849, 851-52 (9th Cir. 1976); *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Schmitt*, 215 B.R. 417, 423 (9th Cir. BAP 1997). Instead, the Court's responsibility is only to "canvass the issues to see whether the settlement 'falls below the lower point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983).

**B.** *A & C Properties* **Analysis**

The relevant factors identified in *A & C Properties* support approval of the Settlement. The Settlement—which has been negotiated in good faith at arms' length between the parties—is reasonable, fair, equitable and in the best interest of the Debtor's estate.

**1. Probability of Success in the Litigation.**

There is uncertainty in any litigation, and litigating the objections to Lien and the Chapter 7 Trustee's Claims ("Claims") involves substantial uncertainty with respect to both the facts and the law. While discovery had not commenced in the bankruptcy proceedings by the time the Settlement was reached, it was clear that the Claims would involve numerous witnesses and complex issues with respect to the amount of the Claims.

The uncertainty inherent in the various litigation notwithstanding, the Debtor asserts that she was not liable to Lien in any amount whatsoever, and that any transfers she made from the 2643 Dentistry, Inc. account into her personal bank account were transferred back to 2643 Dentistry, Inc. or that the cash deposits were from other third parties. Lien disputes the Debtor's assertions, but litigation would involve complex investigations and discovery of issues of State Law. As to the trustee claims, the Debtor would have to provide a detailed accounting and numerous declarations and receipts to show that the source of the funds were from third parties. The relative costs of litigation make agreeing to a settlement a worthy solution for settlement for all Parties. While the Debtor believes that she could ultimately succeed on all aspects of the pending litigation, Lien and the Chapter 7 trustee dispute that contention. What is clear is that any such success would come at a significant cost and expense to the estate in substantial delays, costs and legal fees, and a great distraction to the rebuilding of her credit and income. After an extensive

investigation into the facts and analysis of the law, the Debtor has concluded that, the probability of success in the various litigation is questionable, and there are other significant challenges and obstacles that could render hollow any victory in the litigation. Those challenges are described below. Absent a settlement and following the various litigation to conclusion, the worst case scenario for the estate would be a determination by the Court that the Chapter 7 trustee and Lien's claims are valid, thereby making the unsecured claims over a million dollars. The best case scenario would be a determination that any objections to the Chapter 7 trustee and Lien's claims are sustained. This determination could likely only be made after significant attorneys' fees and costs were incurred, which could easily be spent litigating the issues with the Chapter 7 trustee and Lien. Additionally, this litigation would significantly delay the administration of the estate.

**2. Difficulties to Be Encountered in the Matter of Collection**

The difficulty in collection is normally considered from the perspective of the estate. Here, collection is being sought not by the estate, but by creditors against it. As such, this factor is not relevant.

**3. Complexity and Expense of the Litigation Involved.**

The Settlement permits all parties to avoid undue complexity, inconvenience, delay and expense. Lien and the Chapter 7 Trustee's claims involve complex issues of both facts and law, including those related to contract interpretation, evidentiary matters, and state and federal conflict of law issues. Among the relevant issues is the amount of the Claims. This issue will likely require lengthy and complicated briefing, the retention of experts and extensive and expensive discovery. If the Debtor were to proceed to litigate the Claims, significant time, effort and resources would be required for further investigation and discovery, the preparation of witnesses, trial motions and other documents, and a full trial on the merits. In addition, regardless of the outcome of the trial, it is reasonable to expect that either the Debtor, Lien, or the Chapter 7 Trustee would appeal any adverse judgment resulting from the litigation. Such appeal would raise difficult and complicated issues of law, necessitating lengthy briefing and further delay, with considerable attorneys' fees and expenses being incurred as a result.

7 – Motion for Order Approving Settlement

Case: 14-54654    Doc# 53    Filed: 05/12/15    Entered: 05/12/15 13:04:13    Page 7 of 8

**4. The Paramount Interest of the Creditors and Their Views**

By engaging in good-faith, arm's-length negotiations with Lien and the Chapter 7 Trustee, and arriving at the Settlement, the Debtor has avoided the costly delays and expenses associated with litigation, thereby preserving the assets of the bankruptcy estate, to the extent any such assets exist. The Chapter 7 trustee and Lien are the most active creditors and the only ones who have participated meaningfully in the bankruptcy to date. The Global Settlement brings to a close all claims against the estate.

## IV. CONCLUSION

For the reasons and based on the authorities set forth above, the Debtor respectfully requests that the Court enter an order approving the Settlement, and granting such other and further relief that may be appropriate.

TRINH LAW

Dated: May 11, 2015

By: /s/ Nancy Weng
Nancy Weng
Attorney for Debtor

8 – Motion for Order Approving Settlement

Case: 14-54654   Doc# 53   Filed: 05/12/15   Entered: 05/12/15 13:04:13   Page 8 of 8