# EXHIBIT A

Case: 14-54654   Doc# 53-1   Filed: 05/12/15   Entered: 05/12/15 13:04:13   Page 1 of 7

# AGREEMENT

This Agreement ("*Agreement*") is entered into by and between Mohamed Poonja, Trustee in Bankruptcy ("*Trustee*") of the estate of 2643 Dentistry, Inc., Case No. 14-54654 (the "*2643 Case*") currently pending in the United States Bankruptcy Court for the Northern District of California (the "*Bankruptcy Court*"), Thao Phuong Thi Tran, chapter 11 debtor in possession ("*Tran*") of the estate of Thao Phuong Thi Tran, Case No. 14-54654 (*"Tran Case"*) currently pending in the U.S. Bankruptcy Court for the Northern District of California ("*Debtor*"), and Lien Tran ("*Lien*"), creditor in both the 2643 Case and the Tran Case, effective as of April 30, 2015.

## RECITALS

A. 2643 Dentistry filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 18, 2014 thereby initiating the 2643 Case. Mohamed Poonja was appointed trustee in bankruptcy of 2643's Chapter 7 estate (the "*2643 Estate*").

B. Thao Phuong Thi Tran filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 19, 2014 thereby initiating the Tran Case. Tran is the chapter 11 debtor in possession of the Tran Chapter 11 estate (the "*Tran Estate*").

C. Prior to the filing of 2643's bankruptcy petition, Tran was the president and sole shareholder of 2643 and also managed 2643.

D. Over the years before the bankruptcy filing, at times, Tran made deposits of payments to the Debtor into her personal bank account. In addition, Tran made transfers from the Debtor's bank account to her personal bank account and also occasionally paid personal expenses from the Debtor's bank account.

E. Tran made various transfers from her personal account to the Debtor's bank account and asserts that she transferred back to the Debtor much of the Debtor's funds that were deposited in her account and the funds that were used to pay her personal expenses. Tran also asserts that the Debtor was solvent during the time that the transfers were made.

F. Tran's bank statements for the year before the filing of the petition indicate that deposits total approximately $195,712.30. This amount does not account for transfers back to the Debtor and includes deposits that may have been from sources other than the Debtor. The bank statements reflect that deposits less transfers back to the Debtor for the approximate two year period before the filing of the Debtor's petition total approximately $263,596. This amount also includes deposits that may have been from sources other than the Debtor.

G. The Trustee filed a proof of claim in Tran's bankruptcy case on February 26, 2015 in the amount of $263,596 ("*Trustee Claim*") asserting that the deposits and other transfers to Tran from the Debtor's funds were fraudulent transfers and recoverable under Bankruptcy Code § 548. Tran disputes the claim asserting that part of the transfers were returned to the Debtor and that the Debtor was solvent at the time certain of the transfers were made.

H. Lien Tran was an employee of 2643 Dentistry prior to the filing of its bankruptcy petition.

1

I. On or about May 24, 2013, Lien brought an action in the Santa Clara Superior Court, Case No. 1-13-CV-246922 against 2643 Dentistry Inc, Dr. Dong and Thao Tran for harassment and unpaid wages ("*Action*").

J. On March 12, 2014, Lien filed a proof of claim in the 2643 Case, Claim No. 4, as a general unsecured claim in the amount of $101,000 based on damages alleged in the Action.

K. On March 16, 2015, Lien filed a proof of claim in the Tran Case, Claim No. 11, as a general unsecured claim in the amount of $101,000 based on damages alleged in the Action.

L. On March 12, 2015, Thanh Nguyen filed a proof of claim in the Tran Case, Claim No. 10, as a general unsecured claim in the amount of $1,250,000, based on sexual harassment allegations relating to Ms. Nguyen's employment ("*Nguyen Claim*").

M. Tran has negotiated a reduction of the Nguyen Claim to $101,000. The Nguyen Claim was amended on April 24, 2015 to a general unsecured claim in the total amount of $101,000.

N. The Trustee and Tran dispute the claims filed by Lien, and Tran disputes the Nguyen claim.

O. The Trustee, Tran and Lien participated in a judicial settlement conference with the Honorable Charles Novack, Bankruptcy Judge, and reached an agreement to settle the Trustee Claim and Lien's claims in the 2643 Case and the Tran Case as set forth below.

## AGREEMENT

In consideration of the foregoing premises and the mutual promises, covenants and conditions herein contained, and for other good and valuable consideration, the receipt and sufficiency being hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

### *Trustee Claim in the Tran Case*

1. The Trustee Claim shall be amended by Trustee and allowed in the Tran case as a general unsecured claim in the amount of $90,000.

2. The allowance of the Trustee Claim is a compromise of the Trustee's potential fraudulent transfer claims and, with the exception of the allowed Trustee Claim as set forth in paragraph 1 above, the Trustee and Tran, on behalf of herself and the Tran Estate, release all claims between them, including the fraudulent transfer claims.

### *Lien Tran Claim in the 2643 Case and the Tran Case*

3. Lien's claim, Claim No. 4 in the 2643 Case, shall be amended by Lien and allowed in the 2643 Case as a general unsecured claim in the amount of $49,000.

4. Lien's claim, Clam No. 11 in the Tran Case, shall be amended by Lien and allowed in the Tran Case as a general unsecured claim in the amount of $101,000.

5. Tran shall testify at a 2004 examination by Lien regarding the claims in the Tran Case of Andy Quach, Chinh Chu, Erik M. Nguyen and Thu Thuy Tran, and the facts relating to the Action. Tran shall provide to Lien all evidence which supports the claims of Andy Quach, Chinh Chu, Erik M. Nguyen and Thu Thuy Tran at least seven days prior to the 2004 examination.

6. No objections may be filed to the Trustee Claim or Lien's Claims in the 2643 Case and the Tran Case as allowed in paragraphs 1, 3 and 4 above, by any of the parties to this Agreement or their successors in interest.

7. The effectiveness of this Agreement is conditioned upon entry of a Final Order of the Bankruptcy Court in each of the 2643 Case and the Tran case authorizing the Trustee and Tran, respectively, to consummate this Agreement. A Final Order means an order for which (a) at least fifteen (15) days have passed since entry of the order, and (b) no stay pending appeal of the order has been entered or if a stay pending appeal has been entered, the appeal has been finally resolved and the order upheld. The parties hereto may waive the finality requirement herein in a writing executed by each party. The Trustee and Tran will each request Bankruptcy Court approval promptly after execution of this Agreement.

8. The Trustee and Lien shall file amended claims in the allowed amounts set forth in paragraphs 1 and 3 above within 10 days following the latter of the entry of a Final Order in the Bankruptcy Court approving this Agreement in the 2643 Case and the Tran Case and the reduction of the Nguyen Claim.

9. This Agreement shall be interpreted under the laws of the State of California. The interpretation and enforcement of this Agreement is subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of California, San Jose Division.

10. This Agreement may be executed in two or more counterparts, each of which shall be deemed as an original, but all of which together shall constitute one and the same instrument. The parties agree that a facsimile or pdf signature shall be sufficient for the execution of this Agreement, provided that the parties will use their best efforts to forward the original signature to the Trustee.

11. Notices under this Agreement shall be provided as follows:

Lien Tran
c/o Cary Kletter
Kletter Law Firm LLP
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403

Mohamed Poonja, Trustee
c/o Sandi Colabianchi
Gordon & Rees, LLP
275 Battery St., #2000
San Francisco, CA 94111

Thao Phuong Thi Tran
c/o Nancy Weng
Trinh Law Firm
99 N. First St., Suite 200
San Jose, CA 95113

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and the assigns.

13. Each party shall pay its own expenses related to the negotiation and preparation of the documentation relating to this Agreement.

14. This Agreement was negotiated by all parties and, in the case of ambiguity or dispute as to the interpretation of any provision of this Agreement, it shall be deemed to have been drafted by all parties. There shall be no presumption or interpretation against or by reason of the identity of the drafter of this Agreement.

15. If suit is commenced to enforce any rights of any party for breach of this Agreement, then the prevailing party in such suit shall be entitled to recover reasonable attorneys' fees incurred in connection with such suit.

16. This Agreement contains the entire agreement between the parties hereto and may not be amended, altered, modified or otherwise changed except by a writing executed by all parties hereto which expressly states that it is an amendment to this Agreement. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

**In Witness Whereof**, the parties have executed and delivered this Agreement as of the date first above written.

Dated: April ___, 2015

_____
Mohamed Poonja, Trustee in Bankruptcy
of the estate of 2643 Dentistry, Inc.

Dated: April 29, 2015

_____
Thao Phuong Thi Tran, Individually and
as Chapter 11 Debtor in Possession of
the Estate of Thao Phuong Thi Tran

Dated: April ___, 2015

_____
Lien Tran

4

Thao Phuong Thi Tran
c/o Nancy Weng
Trinh Law Firm
99 N. First St., Suite 200
San Jose, CA 95113

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and the assigns.

13. Each party shall pay its own expenses related to the negotiation and preparation of the documentation relating to this Agreement.

14. This Agreement was negotiated by all parties and, in the case of ambiguity or dispute as to the interpretation of any provision of this Agreement, it shall be deemed to have been drafted by all parties. There shall be no presumption or interpretation against or by reason of the identity of the drafter of this Agreement.

15. If suit is commenced to enforce any rights of any party for breach of this Agreement, then the prevailing party in such suit shall be entitled to recover reasonable attorneys' fees incurred in connection with such suit.

16. This Agreement contains the entire agreement between the parties hereto and may not be amended, altered, modified or otherwise changed except by a writing executed by all parties hereto which expressly states that it is an amendment to this Agreement. All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

**In Witness Whereof,** the parties have executed and delivered this Agreement as of the date first above written.

Dated: April ___, 2015

_____
Mohamed Poonja, Trustee in Bankruptcy
of the estate of 2643 Dentistry, Inc.

Dated: April ___, 2015

_____
Thao Phuong Thi Tran, Individually and
as Chapter 11 Debtor in Possession of
the Estate of Thao Phuong Thi Tran

Dated: ~~April~~ May 5, 2015

_____
Lien Tran

4

Case: 14-54654    Doc# 53-1    Filed: 05/12/15    Entered: 05/12/15 13:04:13    Page 6 of 7

Approved as to Form:

Gordon & Rees, LLP

By: _____
Sandi Colabianchi, Attorneys for
Mohamed Poonja, Trustee of the
estate of 2643 Dentistry, Inc.

Trinh Law

By: _____
Nancy Weng, Attorneys for
Thao Phuong Thi Tran, Individually
and as Chapter 11 Debtor in Possession
of the Estate of Thao Phuong Thi Tran

Kletter Law Firm, LLP

By: _____
Cary Kletter, Attorneys for Lien Tran