John T. Nguyen (SBN: 282866)
**Law Office of John T. Nguyen**
1625 The Alameda, Suite 800
San Jose, CA 95126
Telephone: (408) 800-5646
Facsimile: (408) 800-5643
Email: john@johnnguyenlaw.com

Attorney for Debtor-in-possession,
THAO PHUONG THI TRAN

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>THAO PHUONG THI TRAN,<br><br>Debtor. | Case No.: 14-54654 MEH<br><br>Chapter 11<br><br>**DEBTOR THAO PHUONG THI TRAN'S OPPOSITION TO LIEN TRAN'S MOTION TO CONVERT; DECLARATION OF THAO PHUONG THI TRAN**<br><br>[*Concurrently filed with Debtor's Evidentiary Oppositions*]<br><br>Date: August 31, 2017<br>Time: 10:30 a.m.<br>Dept: 3020<br>Judge: Hon. M. Elaine Hammond |

Thao Phuong Thi Tran, in its capacity as the Chapter 11 debtor-in-possession ("DB") hereby submits the following Opposition to Unsecured Creditor Lien Tran's ("Creditor") Motion to Convert to Chapter 7 (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

Creditor has brought the instant motion to convert DB's Chapter 11 bankruptcy case arguing that cause exists because DB has defaulted on the payment plan. However, Creditor omits the facts that Creditor had changed its address three times *without proper notice of change of address*, causing payments to be returned to DB and/or uncashed by Creditor. Moreover, DB was in and out of the

hospital for the past ten months since her pregnancy in September 2016. Despite DB's complications in her pregnancy and DB's improper change of address, DB nevertheless has been diligent in sending payments to Creditor and is current as of the date of the filing of this Opposition.

Finally, DB has substantially complied with the payment terms of the Plan to all creditors as required by the Plan. Furthermore, the Motion fails to allege facts supported by admissible evidence necessary because the Motion contains self-serving statements of alleged facts and inadmissible statements by Creditor's counsel. Therefore, the Motion is moot and should be denied in its entirety.

**ARGUMENT**

**A. The Creditor's Motion Should Be Denied Because Unusual Circumstances Exist In The Present Case**

Creditor argues "cause" exists to warrant a conversion because DB is in material default. Even if cause exist, section 1112(b)(2) provides an exception to the requirement that a chapter 11 case be converted. section 1112(b)(2) provides, in relevant part, that the court may not dismiss or convert the case if the court <u>finds and specifically identifies unusual circumstances</u> establishing that dismissal or conversion is not in the best interests of creditors and the estate, and the debtor establishes that the grounds for converting or dismissing the case include an act or omission of the debtor and that will be cured within a reasonable period of time. 11 U.S.C. § 1112(b)(2).

The facts in the instant case creates unusual circumstances which supports the continuation of the Plan. DB has been sending payments to Creditor since the plan was confirmed. However, Creditor has changed her address three times without proper notice since the Plan confirmation. In fact, two of the addresses provided by Creditor were invalid causing DB's payments to be returned. On the other hand, DB has performed as required under the Plan, and it is the responsibility of Creditor to provide DB with a "correct" address and/or cash the tendered payments.

Moreover, DB became pregnant sometime in September 2016 and was in and out of the hospital during her pregnancy for the past ten months due to complications. Despite such

circumstances, DB has made every effort to send payments to Creditor. As soon as DB was made aware of Creditor's change of address, DB promptly mailed payments to Creditor's new address. Finally, DB has cured the default by making payments to bring the balance to current as of the date of the filing of this Opposition. Therefore, DB has substantially complied with the requirement of the Plan and Creditor's Motion is moot and should be denied in its entirety.

**B. The Creditor's Motion Should Be Denied Because Continuation of The Plan Is In The Best Interest of All Creditors**

Creditor argues that conversion is in the best interests of creditors, but is in no position to speak for anyone but itself, and is clearly pursuing its own agenda. Creditor has always had, and still is, pursuing a personal vendetta against DB. In fact, Creditor has vowed to retaliate and revenge after Creditor was fired from her employment at DB's dental business. For purposes of this Motion, the only interests that would be served by way of converting DB's bankruptcy case is the Creditor's self-interest who filed the instant Motion. Creditor has not shown with admissible evidence how conversion is actually beneficial to all the creditors and is just not another self-serving ploy. Clearly, Creditor's request for conversion does not serve the interests of other creditors, and is apparently motivated solely by a desire to foreclose DB's primary residence.

Finally, Creditor has alleged no facts regarding DB's inability to consummate its confirmed plan. In fact, DB has been making payments and is current with all creditors including Creditor, and has cured the default as of the date of the filing of this Opposition. The amount claimed by Creditor is small and insignificant that would not warrant a conversion or dismissal. As a result, and without any admissible evidence to support its Motion, continuation of the Plan is in the best interest of all creditors and Creditor's Motion to Convert should be denied in its entirety.

**CONCLUSION**

DB respectfully requests that the Court deny in its entirety Creditor's Motion to Convert based on the combined effect of the total lack of admissible evidence supporting the Conversion Motion, the

obvious self-serving motives of the Creditor's pushing the Conversion Motion and the procedurally defective Motion as provided by Section 1112(c) of the Bankruptcy Code.

Dated: August 14, 2017           LAW OFFICE OF JOHN T. NGUYEN

By: /s/ John T. Nguyen
John T. Nguyen, Esq.
Attorney for Debtor-in-possession
Thao Phuong Thi Tran

# DECLARATION OF THAO PHUONG THI TRAN

I, Thao Phuong Thi Tran, declare as follows:

1. I am the Chapter 11 debtor in this matter. I have personal knowledge of the matters stated herein and, if called as a witness and sworn, could and would competently testify thereto.

2. I submit this Declaration in support of my Opposition to Creditor Lien Tran's ("Creditor") Motion to Convert to Chapter 7.

3. Since the confirmation of the Plan, my attorney Nancy Weng ("Weng") had instructed me to send monthly payment of $210 to Creditor to the address located at 1900 S. Norfolk St., Ste 350, San Mateo CA 94403 ("Norfolk" address).

4. On or about July 27, 2016, I was advised that Creditor had a change of address (without proper notice of change of address) and to send payments to 2186 Bellington Court, San Jose CA 95138 ("Bellington" address). Thereafter I began sending payments to the Bellington address. However, the mail was returned to me. A true and correct copy of the returned mail is attached hereto and incorporated herein as **Exhibit "1"**.

5. On or about November 30, 2016, Creditor had another change of address again (without proper notice of change of address), and I was instructed to send payments to PO Box 641462, San Jose CA 95164. Again, the payment was returned for invalid address. A true and correct copy of the returned mail is attached hereto and incorporated herein as **Exhibit "2"**.

6. Thereafter, Creditor changed the address for the third time and instructed me to send payments to the Norfolk address. I began to send payments to the Norfolk address.

7. Since the Plan confirmation, Creditor had changed her address *three times* without proper notice of change of address. Now Creditor claims that she did not receive payments. This is just another self-serving ploy of Creditor to engage in gamesmanship.

DECLARATION OF THAO PHUONG THI TRAN
Case: 14-54654   Doc# 157   Filed: 08/14/17   Entered: 08/14/17 12:41:50   Page 5 of 7

8. Moreover, ever since I became pregnant sometime in September 2016, I have been in and out of the hospital due to complications of my pregnancy. A true and correct copy of the physician's statement is attached hereto and incorporated herein as **Exhibit "3".**

9. On May 17, 2017, I was placed on pregnancy disability to eight weeks after my delivery due to my health and complications. A true and correct copy of the disability prescribed by my doctor is attached hereto and incorporated herein as **Exhibit "4".**

10. Despite my pregnancy complications coupled with Creditor's gamesmanship of continuous changes of addresses, I have been diligently sending payments to Creditor since the Plan confirmation. However, I was not made aware of incomplete payment or default until the filing of this Motion.

11. As soon as I was made aware of the default by Ms. Weng that the arrear was $1263.36 after I was discharged from the hospital, I promptly sent the payment of the same (minus the $210 check that had been cashed by Creditor on 7/25/2017). A true and correct copy of the check is attached hereto and incorporated herein as **Exhibit "5"**.

12. Contrary to Creditor's claim that I am behind on payments (because Creditor has not cashed the checks and changed her address three times), I have diligently been sending all payments as required by the Plan to all creditors and am current. Thus, I dispute the arrears alleged by Creditor.

13. Therefore, I respectfully request this Court to deny the Motion in its entirety. Executed at San Jose, California on August 14, 2017.

/s/ Thao Phuong Thi Tran
Thao Phuong Thi Tran

# CERTIFICATE OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1625 The Alameda, Suite 800, San Jose, CA 95126.

On the date set forth below, I served the foregoing document(s):

**DEBTOR THAO PHUONG THI TRAN'S OPPOSITION TO LIEN TRAN'S MOTION TO CONVERT**

<u>XXX</u> (BY MAIL) By depositing the sealed envelope with the U.S. Postal Service at San Jose, California. The envelope was mailed with postage fully prepaid.

____ (BY FACSIMILE) By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date between the hours of 9:00 a.m. and 5:00 p.m.

____ (BY PERSONAL DELIVERY) By causing a true copy thereof to be personally delivered to the person(s) at the address(es) set forth below.

on the parties listed below:

**Creditor Lien Tran's Counsel**
Geoffrey E. Wiggs, Esq.
Law Offices of Geoff Wiggs
1900 South Norfolk Street, Suite 350
San Mateo, CA 94403

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on August 14, 2017 at San Jose, California.

/s/ John T. Nguyen_____
John T. Nguyen
Attorney for Debtor
Thao Phuong Thi Tran

PROOF OF SERVICE